IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID ALLEN GRIMES, § | |
|     PETITIONER, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:07-CV-0248-A |
| § | |
| NATHANIEL QUARTERMAN, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
|     RESPONDENT. § | |

<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER</u>

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>

A.    NATURE OF THE CASE

This action involves a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B.    PARTIES

Petitioner David Allen Grimes is in the custody of the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), TDCJ-ID #1322928, and is presently incarcerated in a pre-parole release facility in Mineral Wells, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

C.  PROCEDURAL HISTORY

On June 29, 2005, Grimes was convicted of felony driving while intoxicated and sentenced to three years' confinement. *Ex parte Grimes,* Application No. 66,813-01 at 65 (Tex. Crim. App. Feb. 28, 2007). He is not challenging his conviction or sentence, but complains of the decision of the Texas Board of Pardons and Paroles ("the Board") to deny his release to mandatory supervision. (Resp. Answer, Ex. B). Grimes has filed one state habeas application challenging the Board's action, which was denied by the Texas Court of Criminal Appeals without written order on February 28, 2007. *See id.* at cover. He filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Fort Worth Division, on April 17, 2007.[1]

D.  ISSUES

Grimes alleges the following grounds for relief:

1. The Board's action violates the Ex Post Facto Clause;
2. He was denied release to mandatory supervision without due process or cause;
3. The Board violated due process by breaching its pre-parole contractual agreement; and
4. He has lost good time and work time credits without being afforded due process.

E.  RULE 5 STATEMENT

Respondent asserts that Petitioner's first ground for relief is time-barred, and further urges that Petitioner has not sufficiently exhausted available state remedies on the issues presented. Respondent does not move for dismissal of the petition, but the issues of limitations and exhaustion will be addressed as each ground for relief is considered below.

---

[1] A federal petition for writ of habeas corpus is generally deemed filed on the date the petitioner executes his petition and presumably deposits it in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

F.     LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 1518, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. §2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003); *Montoya*, 226 F.3d at 404. Any state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

G. DISCUSSION

   1. Ex Post Facto Violation

Grimes asserts that the Board's refusal to release him to mandatory supervision violates the Ex Post Facto Clause because the Board placed him under the wrong mandatory supervision release scheme. Respondent asserts that this complaint is time-barred, or in the alternative, meritless.

   a. Statute of Limitations

A one-year statute of limitations period governs petitions for federal habeas corpus relief filed by a prisoner in custody pursuant to a state court judgment:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The finality of Grimes's conviction is not the triggering event as Grimes challenges events subsequent to that time and his continued incarceration, but does not challenge the conviction itself. *See id.* § 2244(d)(1)(A). There is also no allegation or suggestion in the record of a State-created impediment that prevented Grimes from filing for relief at an earlier date, nor do Grimes's claims rely on newly recognized constitutional rights. *See id.* §

2244(d)(1)(B)-(C). Therefore, the statutory limitations period commenced upon the date the factual predicate for Grimes's complaints could have been discovered had Grimes exercised due diligence. *See id.* § 2244(d)(1)(D).

Respondent asserts that the Board applied the version of the statute that was in effect on the date Grimes was convicted, so that Grimes could have discovered the underlying facts on or before June 29, 2005, had he acted with diligence. Grimes asserts that there was no violation to challenge until the Board had denied his release on mandatory supervision. Precedent supports Grimes's position: The factual predicate of a claim involving the denial of mandatory supervision release is considered discoverable on the date a petitioner's release is denied. *See, e.g., Novak v. Quarterman*, No. No. 4:07-CV-043-A (N.D. Tex. June 26, 2007). The Board issued its denial on September 21, 2006. (Resp. Answer, Ex. B). Grimes's complaint was filed April 17, 2007, and is not time-barred.[2]

    b.    Merits

Grimes argues that he is entitled to a non-discretionary mandatory supervision release date under a prior version of the early release statute because one of the convictions for driving while intoxicated (DWI) used to enhance his current DWI offense occurred in 1994, (State Habeas Tr. 64), two years before the effective date of the new version of the statute that vests the Board with some discretion in the mandatory supervision release process. *See generally* TEX. GOV'T CODE ANN. § 508.149(b)(Vernon 2004)(prohibiting mandatory supervision release of certain ineligible offenders as determined by a parole panel); TEX. PENAL CODE ANN. §§ 49.04, 49.09 (Vernon 2003 & Supp.

---

[2] It appears that Grimes received written notice on June 27, 2006, that his mandatory supervision release was scheduled for discretionary review. (Resp. Answer, Ex. A). It is arguable that this notice should have alerted Grimes to the version of the early release statute the Board intended to apply; however, even using this earlier date would not render the petition untimely. *See McCall v. Dretke*, 390 F.3d 358, 362 (5th Cir. 2004)(finding that harm from ex post facto application of state law became "actual" on date the Board indicated that new version of statute was applicable to petitioner).

2007)(outlining elements and classification of driving-while-intoxicated offense). Grimes argues that the Board should have recognized that he is subject to the previous non-discretionary mandatory supervision release scheme by virtue of a legislative "savings clause" that provides that the change in the law applies only to a prisoner serving a sentence for an offense committed on or after the effective date of the new law, i.e., September 1, 1996. *See McCall v. Dretke*, 390 F.3d 358, 364 (5th Cir. 2004)(summarizing changes to Texas mandatory supervision law).

Article I, Section 10, of the Constitution prohibits the States from passing any ex post facto law. *Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990). The Ex Post Facto Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Id.* at 43, 110 S.Ct. at 2719; *Beazell v. Ohio,* 269 U.S. 167, 169-170, 46 S.Ct. 68, 68-69, 70 L.Ed. 216 (1925). Legislative modifications to early release provisions or parole standards may violate the prohibition against ex post facto laws if applied retroactively. *Garner v. Jones*, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000); *Warren v. Miles*, 230 F.3d 688, 692 (5th Cir. 2000). *See, e.g., Lynce v. Mathis*, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997)(holding that statute cancelling accrued early release credits violated Ex Post Facto Clause).

For an ex post facto violation to occur, the law must be both retrospective and create sufficient risk of increasing the punishment attached to the crime. *Lynce*, 519 U.S. at 441, 117 S.Ct. at 896; *Warren*, 230 F.3d at 692. *See also California Dept. of Corrections v. Morales*, 514 U.S. 499, 509, 115 S.Ct. 1597, 1603, 131 L.Ed.2d 588 (1995)(finding that decreased frequency of parole hearings was not an ex post facto violation). The application of the discretionary mandatory supervision statute creates a sufficient risk of increasing an offender's punishment, and in Grimes's case, actually resulted in his confinement in prison longer than if the older statute were applied. *See*

*McCall*, 390 F.3d at 363. But Grimes fails to demonstrate that the statute has been applied retroactively to his case.

Grimes argues that his 1994 conviction was an element of his newest DWI conviction, thus invoking the savings clause, but he does not present a cognizable issue of federal constitutional law. Whether a previous DWI conviction serves as an element of a felony DWI offense is a matter of state law,[3] and the federal courts will not review Texas's application of its own law. *Id.* at 364; *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). *See also Gryger v. Burke*, 334 U.S. 728, 731, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948)(declining to conjecture that state court acted under an interpretation of state law different from that which Supreme Court might have adopted so as to set up mere error of state law as a denial of due process). Grimes is incarcerated pursuant to criminal conduct that occurred on or about December 20, 2004, well after the effective date of the new mandatory supervision scheme. (State Habeas Tr. 65). The discretionary mandatory supervision scheme is not secondary or additional punishment for any previous offenses, but is a statutorily authorized stiffened penalty for criminal conduct occurring after enactment of the law. *McCall*, 390 F.3d at 365-66. The state court did not act in violation of clearly established federal law in denying habeas relief based on the application of Section 508.149 to Grimes's eligibility for mandatory supervision release.[4]

---

[3] *See Vanderhorst v. State*, 52 S.W.3d 237, 242 (Tex. App.-Eastland 2001, no pet.)(holding that prior convictions were elements of a felony DWI conviction, but exact dates of those prior convictions were not).

[4] In a footnote, Respondent urges that Grimes did not raise this specific ex post facto issue in state court. The exhaustion requirement is satisfied when the substance of a federal habeas claim has been fairly presented to the highest state court. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999). In his state petition, Grimes complained of the Board's misapplication of the discretionary mandatory supervision statute to his case because he was exempt under the statute's "savings clause." (State Habeas R. at 8). Grimes did not refer to the Ex Post Facto Clause or expressly label his complaint as an ex post facto issue; however, his reliance on the savings clause to preclude application of the new statute is substantially similar to the argument he now presents.
  In the event the district judge finds that Grimes's complaint is unexhausted, the court notes that a lack of

2.  Due Process

Grimes contends that he has been denied due process because he was not released on his presumptive mandatory supervision release date. The Texas mandatory supervision scheme, both the version in place prior to September 1, 1996, and the version effective after that date, creates a constitutional expectancy of early release for eligible inmates and gives rise to a liberty interest subject to due process protections. *Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007). *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir.2000). *See generally* TEX. GOV'T CODE ANN. § 508.149 (Vernon 2004). But it is also well-established that a convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998).

The core of federal procedural due process is the right to notice and a meaningful opportunity to be heard. *LaChance v. Erickson*, 522 U.S. 262, 266, 118 S.Ct. 753, 756, 139 L.Ed.2d 695 (1998). Grimes does not deny that he was given advanced notice that the Board would review his case, he was invited to submit information well ahead of the date the Board reviewed his case, and the Board advised him of the statutory reasons for denying his release to mandatory supervision, which afforded him with all process due under the circumstances.[5] *See Greenholtz*, 442 U.S. at 16, 99

---

exhaustion may be excused only if a petitioner can demonstrate cause for the default and actual prejudice, or alternatively, by demonstrating that failing to consider his claim would result in a miscarriage of justice. *Morris v. Dretke*, 413 F.3d 484, 491-492 (5th Cir. 2005); *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir.2001). Because Grimes's argument of an ex post facto violation is itself meritless, Grimes cannot overcome the procedural default by meeting either standard.

[5] The court rejects Grimes's contention that his transfer to a pre-release facility entitles him to the same due process requirements of a parole revocation hearing. *See generally Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). His transfer to a facility as a preparatory act for release is not sufficiently similar to a person already at liberty on parole as to invoke the due process protections addressed in *Morrissey*. *Cf. Young v. Harper*, 520 U.S. 143, 147-53, 117 S.Ct. 1148, 137 L.Ed.2d 270 (1996)(finding Oklahoma pre-parole program that entailed early release from

S.Ct. at 2108. Grimes has not shown that the state court's denial of habeas relief is contrary to or involves an unreasonable application of clearly established federal law, nor does the state court's decision appear to be based on an unreasonable determination of the facts.

    3.    Pre-Parole Agreement

Grimes asserts that the Board's denial of his release constitutes a breach of a pre-parole contractual agreement. Grimes infers the existence of such an agreement based on state law governing the pre-parole transfer of inmates from the custody of the Institutional Division of Texas Department of Criminal Justice (TDCJ) to the parole division of the TDCJ. *See generally* TEX. GOV'T CODE ANN. §§ 499.001, 499.003 (Vernon 2004). The federal courts are limited to entertaining applications for writ of habeas corpus only on grounds that a person is in custody in violation of the Constitution, laws, or treaties of the United States.[6] 28 U.S.C. § 2254(a). Matters arising solely under state law are not cognizable in federal habeas review proceedings. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975)(per curiam).

Moreover, a review of the statutes on which Grimes relies does not reveal that any contract has been created to vest Grimes with a binding release date. *See McDonald v. Quarterman*, No. 4:06-CV-214-A, 2007 WL 1989599, at *3 (N.D. Tex. July 2, 2007). In fact, the Texas Legislature has specifically stated that the provisions related to pre-parole transfers of eligible inmates are not intended to create an expectation of release on the part of any individual. TEX. GOV'T CODE ANN.

---

prison, maintenance of an outside job, and periodic reporting requirements was sufficiently parole-like to entitle defendant to procedural due process protections in *Morrissey*).

[6] In an analogous situation, the Fifth Circuit has expressed doubt that a federal prisoner's claim of breach of contract against the Bureau of Prisons for a denied request for reduction of sentence stated a viable Section 2241 claim that the petitioner was being held in custody in violation of the laws or Constitution of the United States. *Royal v. Tombone*, 141 F.3d 596, 603 (5th Cir. 1998)(per curiam).

9

§ 499.007 (Vernon 2004). Grimes was advised by the Board that he had a projected release date of October 13, 2006, but was also informed that release would occur only if the Board made the appropriate determination after reviewing his case.[7] (Resp. Answer, Ex. A). Grimes has not demonstrated that the state court acted unreasonably or contrary to any clearly established federal law in rejecting his breach-of-contract argument and denying his state habeas application.

    4.    Time Credits

Grimes complains that the Board, in denying his release to mandatory supervision, has caused him to lose good time credits and credit for his work while incarcerated. His complaints are frivolous. Grimes's argument that his good conduct time or work credits have been taken away is not supported by the record, which indicates that none of those credits have been forfeited. (Resp. Answer, Ex. C). As a matter of state law, good and work time credits apply only to eligibility for parole or mandatory supervision and do not actually reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate. *See Ex parte Hallmark,* 883 S.W.2d 672, 674 (Tex.Crim.App.1994); TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004). Texas law also authorizes the Board to deny release to mandatory supervision even if an inmate's flat time and good conduct time (including work time) add up to more than the term of his sentence. *See generally* TEX. GOV'T CODE ANN. § 508.149 (Vernon 2004). Grimes's sentence expires June 23, 2008, (Resp. Answer, Ex. C), and he has no constitutional right to release before that date. *See Greenholtz*, 442 U.S. at 7, 99 S.Ct. at 2103; *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998).

---

[7] To the extent Grimes is arguing that the Board committed a breach of contract by rescinding his "presumptive" release date without satisfying due process requirements, that issue has already been resolved against him. He was given all necessary due process before his mandatory supervision was denied.

RECOMMENDATION

The petition for writ of habeas corpus should be denied.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until March 13, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until March 13, 2008 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED FEBRUARY 21, 2008.


   /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE